

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 14, 1967

Hon. William J. Burke
Executive Director
State Board of Control
Austin, Texas

Opinion No. M-126

Re: Whether all purchases from
the Department of Corrections
by all State departments,
institutions, and agencies
must be made through a
requisition processed by
the Board of Control as
provided by Section 9, Sub-
section (d) of Article
6203c, Vernon's Civil Stat-
utes, and related questions.

Dear Mr. Burke:

By letter you have formally requested an opinion
of this office. We quote from your letter as follows:

"Your formal opinion is requested relating
to Article 6203c, Section 9, Subsections (d),
(f), (g), (h), and (m) as such section and sub-
sections relate to prison industries' manufactured
merchandise made available to state agencies
through the Board of Control, and the pricing
and cataloging procedures, and the areas of sales
coverage permitted under this section.

"Our questions are as follows:

"1. Must all purchases from the Depart-
ment of Corrections by all departments, institu-
tions and agencies be made through a requisition
processed by the Board of Control as provided
by Subsection (d), paragraph 1?

"2. If your answer to question 1 is in
the affirmative, then before prison-manufactured
goods can be ordered by state agencies and
political subdivisions:

"A. Does such merchandise have to be
manufactured as provided in Subsection (d),
paragraph 2?

-577-

"B. Does it have to be cataloged as provided in Subsection (f)?

"C. Must all prison-manufactured merchandise be priced as provided in Subsection (h)?

"D. Do all the above conditions have to be met before material can be requisitioned?

"3. If your answer to subquestion 2D above is in the negative, which of the conditions, identified as 2A, 2B, or 2C does not have to be met before processing but can be met later?

"4. Is the Department authorized to produce or offer to produce 'special order' materials for any state agency or political subdivision without first complying with the specification requirements of Subsection (d), paragraph 2, the catalog listing of such items as provided for in Subsection (f) and the pricing provision of Subsection (h)?

"5. Are college and university dormitory operations and food services considered to be supported in whole or in part by the State of Texas according to the language of subsection (c)?

"6. If your answer to question 5 is in the affirmative, are they required to order prison-made goods in accordance with Section 9, Article 6203c, V.C.S.?

"7. The Department of Corrections is also equipped to retread tires used by cars, buses, trucks, tractors, etc. Since certain school districts are required by Article 634B, V.T.C.S. to purchase among other things tires and tubes through the Board of Control, and they are also political subdivisions of the State of Texas and therefore eligible to utilize Department of Corrections retread services, are those school districts which participate in the state pupil transportation assistance program under the provisions of Article 634B, V.T.C.S., required to use such prison industries' retread services when such are needed?

"8. If your answer to question 7 is in the affirmative, are such retread services handled through the Board of Control in the same manner as new tires are purchased?

"9. If your answer to question 8 is in the negative, then are such participating school districts to be guided by the prison industries' catalog and prices in the same manner as political subdivisions are guided and permitted to handle such retread orders direct with the Department of Corrections?"

Before answering the specific questions enumerated above, it will be well to consider the overall intent and purpose of Article 6203c, Vernon's Civil Statutes. Subsection (b) of Section 9 of Article 6203c provides as follows:

"(b) It is hereby declared to be the intent of this Act:

"(1) To provide more adequate, regular and suitable employment for the vocational training and rehabilitation of the prisoners of this state, consistent with proper penal purposes;

"(2) To utilize the labor of prisoners for self-maintenance and for reimbursing this state for expenses incurred by reason of their crimes and imprisonment; and

"(3) To effect the requisitioning and disbursement of prison products directly, through established state authorities without possibility of private profits therefrom."

In regard to question number 1, paragraph one of Subsection (d) of Section 9 of Article 6203c sets out two categories of purchasers: The first being the State agencies, offices, and institutions, and the second being the political subdivisions of the State. Both categories are required to purchase needed goods from the Department of Corrections, with certain exceptions. The first category (State agencies) must process their purchases through the Board of Control by requisition. The second category (political subdivisions) may purchase directly from the Department of Corrections or through the Board of Control by requisition.

In regard to part A of question number 2, paragraph two of Subsection (d) of Section 9 of Article 6203c, it seems clear that any product manufactured by the Department of Corrections for sale through the Board of Control, or to any political subdivision, must either be manufactured upon specifications developed by the Board of Control or upon standardized and currently used specifications approved by the Board of Control.

In regard to part B of question number 2, Subsection (f) of Section 9 of Article 6203c requires the Department of Corrections to prepare and furnish catalogs of all manufactured goods for sale through the Board of Control, or to any political subdivision, to all the State agencies, offices, and institutions with sufficient copies available on request from the political subdivisions of the State. However, this same subsection allows the Board of Control to request the Department of Corrections to manufacture <u>additional articles or products</u>; therefore some products or articles could be manufactured which are not cataloged.

In regard to part C of question number 2, Subsection (h) of Section 9 of Article 6203c clearly states that the price of all goods manufactured by the Department of Corrections shall be determined and fixed by a joint effort of the Board of Control and the Department of Corrections. The statute sets no guidelines for arriving at a price, but in keeping with the overall intent and purpose of the statute (Subsection b (1), (2), and (3) quoted above) the costs of the manufacture of the goods, and other related costs, weighed against the prevention of possible private profit should be considered among other factors in arriving at a price.

In regard to part D of question number 2, this question and question number 3 can be answered at the same time. It seems clear from an analysis of the above discussion that all goods manufactured for sale through the Board of Control, or to any political subdivision, by the Department of Corrections, except additional goods requested and manufactured as provided by Subsection (f), must be cataloged, priced, and manufactured according to specification before it can be requisitioned through the Board of Control, or ordered directly by the political subdivisions of the State.

In regard to question number 4, the last sentence of Subsection (f) of Section 9 of Article 6203c, quoted as follows, "The Board of Control may at any time request

the Texas Department of Corrections to manufacture or produce additional articles or products" authorizes the Department of Corrections to produce "special order" materials for sale through the Board of Control, or to any political subdivision, provided such materials are requested by the Board of Control.

In regard to questions number 5 and 6, Subsection (c) of Section 9 of Article 6203c is broad enough to cover all state supported colleges and universities and the related dormitory and food service operations, and such dormitory and food service operations would be subject to the same requirements for ordering and buying prison-made goods as are the other state agencies and institutions.

In regard to questions number 7 and 8, Article 634(b), Vernon's Civil Statutes, with certain exceptions, requires all school districts participating in the Foundation School Program to purchase school buses, bus tires and tubes, etc. through the Board of Control. This same requirement is found in Section 5 of Article 664-3, Vernon's Civil Statutes. The State Purchasing Act of 1957, paragraph one of Subsection (d) of Section 9 of Article 6203c as discussed above (see page 3, supra) would require the school districts participating in the Foundation School Program to utilize the retread services of the Department of Corrections when the local school districts determined that retreads are needed. Likewise, the method of obtaining the retread services of the local school districts would have to be by requisition through the Board of Control, since these school districts are required to purchase school bus equipment through the Board of Control, Articles 634(B), and 664-3, supra.

In light of the above discussion of questions 7 and 8, question number 9 becomes moot. The price of the retreading of the tires would be determined as are all other prices of manufactured products (see paragraph 3 of page 4, supra) following the guidelines in keeping with the overall intent of the statute.

## S U M M A R Y

Subsection (d) of Section 9 of Article 6203c, Vernon's Civil Statutes, provides for two types of purchasers of goods manufactured by the Department of Corrections. All purchases of such goods by the State agencies and institutions shall be through the Board of Control by requisition. Political subdivisions

may purchase directly from the Department of Corrections or through the Board of Control by requisition. Subsection (d) also requires that all goods manufactured for sale through the Board of Control, or to any political subdivision, by the Department of Corrections shall be manufactured upon specifications developed or approved by the Board of Control.

Subsection (f) of Section 9 of Article 6203c, V.C.S., requires the Department of Corrections to catalog all goods it manufactures for sale through the Board of Control, or to any political subdivision, except additional goods it manufactures upon request by the Board of Control. Subsection (f) permits the Department of Corrections to produce "special order" materials provided such materials are requested by the Board of Control.

Subsection (h) of Section 9 of Article 6203c, V.C.S., requires that the price of all goods manufactured by the Department of Corrections be determined jointly by the Board of Control and the Department of Corrections.

Subsection (c) of Section 9 of Article 6203c, V.C.S., covers all state supported colleges and universities. Such agencies would be required to utilize the manufactured products and the requisition process of the Board of Control.

Subsection (d) of Section 9 of Article 6203c, V.C.S., construed in connection with Articles 634(b) and 664-3, V.C.S., requires school districts participating in the Foundation School Program to utilize the tire retread services of the Department of Corrections when needed. Such retread services would be handled on a requisition basis through the Board of Control at a price determined jointly by the Department of Corrections and Board of Control.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

A. J. Carubbi, Jr., Chairman
Staff Legal Assistant

W. O. Shultz, Co-Chairman

Sam Kelly
Fred Davis
Doug Chilton
Malcolm Quick